KEUFFEL & ESSER CO. v. H. S. CROCKER CO.

(Circuit Court, N. D. California September 2, 1902.)

No. 13,072.

1. UNFAIR COMPETITION—RULE GOVERNING.

Where a complainant has been in business for many years, and has built up a high reputation and large sale for its goods, rendering its good will valuable, the law requires another, entering the market as a competitor, to use such method of wrapping, labeling, and cataloguing of his packages as not to lead an intending purchaser of ordinary intelligence, using ordinary care, into the mistaken belief that he is purchasing the goods of complainant.

2. SAME—IMITATION OF GENERAL DRESS OF GOODS.

Defendant, after having been agent for complainant for a number of years for the sale of drawing papers and materials, entered the market as a competitor, using for its drawing papers the same form of package, the same color of wrapper, with labels of the same general design and appearance, upon which was printed a name for each kind of paper which, while not identical with that used by complainant for the same kind, was similar in appearance in each case, the general effect of the package as a whole being so nearly like complainants as to require close scrutiny to distinguish between them. *Held,* that such imitation evidenced a fraudulent design, and constituted unfair competition, which entitled complainant to an injunction.

3. SAME—FORM OF PACKAGE.

The putting up of drawing paper in packages for sale in the form of rolls, that being the most convenient form for handling such goods and not peculiar or unusual, cannot be considered in itself an infringement upon the rights of an older dealer.

In Equity. Suit for unfair competition. On motion for a preliminary injunction.

Marcus Rosenthal, Walter S. Logan, and Fred C. Hanford, for complainant.

Lloyd & Wood, for defendant.

MORROW, Circuit Judge. The complainant, a corporation organized under the laws of the state of New Jersey, brings this suit against the defendant, a California corporation, to recover damages for the alleged infringement of the complainant's rights in and to certain trade names and marks, and for an injunction restraining the defendant from the further commission of such alleged infringing acts.

The complainant and its predecessor have been engaged in the business of manufacturing, importing, and selling, at wholesale and

¶ 1. Unfair competition, see notes to Scheuer v. Miller, 20 C. C. A. 165; Lare v. Harper, 30 C. C. A. 376.

retail, drawing or draughting materials, engineers' supplies, and surveying instruments for over 30 years. It is alleged that the complainant and its predecessor had adopted and used for many years certain arbitrary names by which to describe the drawing papers sold by them, as well as certain forms of packages and peculiarities in labels, and that such goods so named and marked had been catalogued by the complainant annually, extensively advertised throughout the United States, had achieved a high reputation, and the sales thereof had been a source of great profit to complainant. The defendant is charged with infringing the rights of complainant by the use of similar trade names and marks, similar form of packages, and by the issuance of a similar catalogue to the copyrighted one of the complainant, and by acts of unfair competition generally. The defendant has been for some years engaged in the general stationery business, and from May, 1892, to about October, 1898, was the sole agent for the Pacific Coast for the complainant's goods. The agency was withdrawn by the complainant at the time last mentioned, and the defendant thereupon entered into the business of selling goods similar to those of the complainant upon its own account, labeling and advertising them as its own production and importation. The defendant denies that the complainant has any exclusive rights in and to the trade-names adopted, to the form or wrapping of the packages, to the labels or catalogue, averring that similar ones are in general use by importers and dealers in such goods. The defendant admits that the labels first in use by it were similar to those used by the complainant, and states that upon its attention being called to such fact it discontinued the use of such labels, and has since used entirely different and distinctive labels, and so dressed its goods as to easily distinguish them from those of the complainant. It denies having acted with fraudulent intent in any of the transactions complained of, and denies that its acts have in any way damaged the complainant or been in fraud of its rights.

The following lists of names used by the respective parties to describe their drawing papers are set up by the complainant in support of its allegation of infringement:

| Names Used by the Complainant. | Names Used by Defendant. |
| --- | --- |
| Universal. | University. |
| Duplex. | Deluxe. |
| Normal. | Normandy. |
| Paragon. | Pebble. |
| Simplex. | Simplicity. |
| Economy. | Economic. |
| Cupola. | Composite. |
| Anvil. | Anchor. |
| Corona. | Corinth. |
| Alba. | Antique. |
| Abacus. | Arcade. |
| Gothic. | Ionic. |
| Doric. | Delos. |

It is to be observed that in each instance the word adopted by the defendants begins with the same letter as the word used by the complainant for the corresponding article, with one exception, and in that case the defendant's word is suggestive of the complainant's, each re--

lating to a style of architecture. While the words alone, if considered apart from the label as a whole, might not be deemed to present so close a resemblance as to constitute infringement, when connected with the associating lettering and general design, and forming a part of a label almost identical in size, shape, coloring, and lettering with that of the complainant applied to similar goods, it is very clear that the mind of the purchaser would readily be deceived by the similarity, and be quite as easily induced to purchase the goods of one as the other. In this way the defendant would be enabled to take advantage of the reputation of the complainant's goods, if such reputation were well established and of value in the commercial world. In the affidavit of William Keuffel, the president of the complainant corporation, it is stated upon oath that the good will of the complainant's business at the time of bringing the suit was of the value of more than $500,000, by reason of the superior quality of the drawing papers sold and controlled by it, and its efforts in having the papers known by advertising, and the general acceptance of the papers by the public as meritorious and of high grade. The defendant has not controverted this showing, but admits having been the agent of the complainant for such goods for more than six years upon the Pacific Coast. Upon the evidence now before the court, therefore, the complainant must be presumed to have established the high reputation of its goods, in connection with which the trade-names used by it were of considerable value. The defendant, then, entering the field of competition when the complainant's goods were in this situation, appears to have acted with design in the adoption of labels of general design and appearance in imitation of those used by the complainant, including the selection of similar names for the description of like goods. The complainant's goods had become known to the eye by the form of package (consisting of a roll), the peculiar color of the outside wrapper inclosing this package, and the distinctive label describing the contents. These labels were alike for the different varieties of paper, differing only in the name describing the particular kind. It required a second glance to distinguish the particular name upon each package, while the general effect of the label as a whole was easily comprehended at the first glance. Every feature of this style of wrapping and marking was apparently copied by the defendant, with the result that close scrutiny was required to distinguish its packages from those of the complainant. Such use of names, labels, and wrappers was undoubtedly infringement, and the sale of such goods so wrapped, labeled, and marked was unfair competition.

With regard to the cut of a griffin used upon these labels, it is contended by the defendant that it has used this figure upon its stationery generally for many years past, and that for this reason, and because of its different position from that used by the complainant, it is not an infringement. I am of the opinion that the use of the griffin alone would not infringe, as the complainant is not shown to have any exclusive rights in and to the use of such a design; but associated with the general features of the infringing label, of similar color, and applied to the same class of goods, it forms a distinctive part of the

infringing device. Such use is unfair, and cannot be regarded with favor by a court of equity.

I do not think the contention of the complainant can be upheld with regard to infringement by reason of the form of package, namely, a roll. That is a convenient form for the handling of such goods, and should be permitted to any one dealing in them. If care is taken to so dress the goods as to present a different appearance otherwise, no deception is likely to be produced upon the purchasers because of the similarity in shape, especially when it is not of a peculiar or unusual form.

With regard to the catalogue of the defendant claimed by the complainant to be an infringement, so far as it contains cuts of labels that were infringements of those of the complainant, it may be said to have infringed, but not in the general appearance or design of the catalogue. The rights of the complainant under the copyright law in and to its copyrighted catalogues are not involved in this action, and cannot be determined upon any issues here presented.

The law applicable to this case may be stated in a few words. It requires the defendant, in offering his goods to the public, to use such method of wrapping, labeling, and cataloguing of his packages as not to lead an intending purchaser, of ordinary intelligence, using ordinary care, into the mistaken belief that he is purchasing goods placed upon the market by the complainant, when in fact he is purchasing the defendant's goods. The defendant does not appear to have observed this requirement, and the complainant is therefore entitled to the protection of a temporary injunction. It is immaterial that the defendant has changed the form of its label since this action was commenced. The complaint is directed against the acts of the defendant committed prior to the commencement of the action.

Let a temporary injunction issue in conformity with this opinion.